UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-82-GWU

TERRY HOSKINS, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Terry Hoskins brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

07-82 Hoskins

        Step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

    Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hoskins, a 45 year-old former shipping clerk with a high school equivalent education, suffered from impairments related to fibromyalgia, an organic mental disorder, a depressive disorder, a personality disorder, and substance abuse. (Tr. 15-16). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 22). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Id.). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 20-21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Dwight McMillion included an exertional limitation to medium level work restricted from a full range by such non-exertional limitations as a "moderately limited" ability in such areas as (1) understanding, remembering, and carrying out detailed instructions, (2) performing activities within a schedule, (3) maintaining attention and concentration, (4) maintaining regular attendance, (5) being punctual within ordinary tolerances, and (6) interacting appropriately with the general public. (Tr. 840). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Id.). Therefore, assuming that the vocational factors considered by McMillion fairly characterized Hoskins's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ dealt properly with the evidence of record relating to Hoskins's physical condition. Dr. Mark Burns examined the plaintiff in March of 2004 and opined that he retained the ability to perform such activities as sitting, standing, moving about, lifting, carrying, handling objects, hearing, seeing, speaking, and traveling. (Tr. 424). The ALJ's findings were consistent with this opinion. Dr. David Swan, a non-examining medical reviewer, opined in April of 2004 that the claimant's physical impairments were "less than severe." (Tr. 426). Hoskins was treated on several occasions at the Marymount Medical Center and the staff never identified the existence of more severe physical restrictions than those found by the ALJ. (Tr.

403-420, 579-634, 654-755).  The Court notes that the Marymount treatment records reveal that the plaintiff suffered abdominal injuries which led to the loss of both his left kidney and spleen. (Tr. 580).  However, no functional restrictions were ever imposed as a result of these problems and the ALJ found that these were not "severe" impairments. (Tr. 17).  The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  The claimant has not raised an issue concerning his physical problems.  Therefore, the Court finds that the hypothetical factors fairly depicted Hoskins's physical status.

     The ALJ dealt properly with the evidence of record relating to Hoskins's mental status.  The plaintiff was treated for his mental problems at the Cumberland River Comprehensive Care Center (Cumberland River) where the plaintiff's Global Assessment of Functioning (GAF) was rated at 55. (Tr. 761).  Such a GAF suggests the existence of "moderate" mental limitations consistent with the mental limitations of the hypothetical question according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  The staff at Cumberland River indicated that as a result of the claimant's mental problems, his ability would be "moderately" low in societal/role functioning and "slightly" low in interpersonal functioning and cognitive/intellectual

9

functioning. (Tr. 485). The mental factors of the hypothetical question were essentially compatible with these limitations.

Psychologists Edward Ross (Tr. 398-399) and Jane Brake (Tr. 649-650), the non-examining medical reviewers, each opined that Hoskins would be "moderately" limited in his ability to understand, remember and carry out detailed instructions, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, and interact appropriately with the general public. These restrictions were presented to the vocational expert. Therefore, these opinions provide substantial evidence to support the administrative decision.

Psychologist Blaine Pinaire, an examining consultant, opined that Hoskins would not be able to relate to others such as fellow co-workers and supervisors or adapt to the pressures associated with daily work activity. (Tr. 383). The plaintiff asserts that these restrictions support his claim of disabled status. The claimant asserts that the ALJ erred in rejecting this opinion because he took statements from it out of context--such as the examiner noting that the patient had eventually relaxed and that rapport was established (Tr. 19), even though Pinaire also stated that Hoskins appeared fearful, threatened and very anxious (Tr. 379). The plaintiff argues that the ALJ at least had a duty to recontact Pinaire under 20 C.F.R. Section 1519p(b). However, the Court notes the ALJ was also impressed with the fact that Hoskins misrepresented his drug use to Pinaire (Tr. 19), claiming to the examiner

that this was in remission (Tr. 383) while admitting to his treating source at Cumberland River that he had used marijuana daily since the age of 14 (Tr. 766). Pinaire's opinion is contradicted by that of the treating source at Cumberland River where it was noted that he would have only a "moderately" low ability to maintain relationships with others, including fellow workers. (Tr. 485). Although he did not go into detail, Ross, the medical reviewer, opined that Pinaire's opinion was not well supported and entitled to little weight. (Tr. 400). Since the ALJ's findings were supported by those of a treating source as well as the reviewers, the undersigned does not believe the ALJ had a duty to recontact the consultant examiner. Therefore, the ALJ properly rejected the opinion of Pinaire.

Hoskins also asserts that the ALJ erred in finding that he had a high school education. The plaintiff notes that Pinaire's achievement testing revealed a 4th grade reading level and 3rd grade levels in spelling and arithmetic. (Tr. 382). The claimant notes that 20 C.F.R. Section 404.1564(b) indicates that the numerical grade level one completes should be relied upon unless there is other evidence to contradict it. Hoskins argues that Pinaire's testing contradicts his numerical grade level. However, the ALJ actually found that the plaintiff had a high school <u>equivalent</u> education. (Tr. 22). This finding was based upon the claimant's testimony that he had earned his GED and had vocational training in auto body and welding work. (Tr. 825). Pinaire's report was rejected by the ALJ, as previously stated, as poorly

supported and the ALJ noted that the drug screen was positive for cannabis in October of 2004 (Tr. 687) after telling Pinaire in February, 2004 that his substance abuse was in remission since 2001 (Tr. 380, 382). Pinaire also assessed the reliability of the plaintiff's information as "fair." (Tr. 379). Moreover, the jobs described by the vocational expert included such positions as cleaner and assembler which would not require a greater degree of literacy than determined by Pinaire. See the <u>Dictionary of Occupational Titles</u>, Sections 319.484.010 and 381.687.018. Therefore, the Court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 9th day of January, 2008.



Signed By:
<u>G. Wix Unthank</u>
**United States Senior Judge**